Matthew Singer
SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900

*Attorneys for Proposed Intervenor-Defendant*
*Calista Corporation*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ORUTSARARMIUT NATIVE COUNCIL, *et al.,* | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES ARMY CORPS OF ENGINEERS; *et al.*, | ) ) ) |
| Defendants, | ) Case No. 3:23-cv-00071-SLG ) |
| and | ) ) |
| DONLIN GOLD LLC, | ) ) |
| Intervenor-Defendant. | ) ) ) |

## CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT

Proposed Intervenor-Defendant Calista Corporation ("Calista"), by and through its undersigned counsel, submits the following Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") (ECF No. 1).

PDX\MSI\36485609.1

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 1 of 21

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint.

## INTRODUCTION

1.     The allegations in paragraph 1 constitute Plaintiffs' characterization of this case, to which no response is required. To the extent that a response is necessary, Calista denies the allegations in paragraph 1.

2.     In response to paragraph 2, Calista admits that Alaska Native populations have relied on the lands and waters in the Yukon-Kuskokwim Region of Southwest Alaska for multiple purposes—including subsistence—since time immemorial and continue to do so. Calista further admits that the construction and operation of the proposed gold mine and natural gas pipeline (the "Project") would increase barge traffic on the Kuskokwim River. Calista denies the remaining allegations in paragraph 2.

3.     Calista lacks information sufficient to admit or deny the allegations in the first and second sentences of paragraph 3 and on that basis denies them. Calista admits the allegations in the third and fourth sentences of paragraph 3. In response to the allegations in the fifth sentence of paragraph 3, Calista admits that mining activities will involve: (1) dewatering and filling of wetlands; (2) damming certain streams; (3) placing tailings and waste rock in specific disposal areas; (4) crushing and grinding ore; and (5) using heat and cyanide to separate gold from mercury. Calista denies the remaining allegations of paragraph 3.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 2 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 2 of 21

4.      Calista admits the allegations in the first sentence of paragraph 4. The allegations in the second and fifth sentences of paragraph 4 constitute legal conclusions to which no response is required. To the extent that a response to the allegations in those sentences is necessary, Calista denies them. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 4 and on that basis denies them.

5.      The allegations in paragraph 5 purport to characterize the contents of the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. Calista denies the allegations in paragraph 5, to the extent that they are inconsistent with the FEIS.

6.      The allegations in the first, third, and fourth sentences of paragraph 6 purport to characterize the contents of the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. Calista denies the allegations in that sentence, to the extent that they are inconsistent with the FEIS. The allegations in the second sentence of paragraph 6 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

7.      Calista denies the allegations in paragraph 7.

**JURISDICTION, RIGHT OF ACTION, AND VENUE**

8.      The allegations in paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, Calista denies those allegations.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 3 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 3 of 21

9. The allegations in paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, Calista denies those allegations.

**PLAINTIFFS**

10. In response to paragraph 10, Calista admits that Orutsararmiut Traditional Native Council is a federally-recognized tribe. Calista lacks information sufficient to admit or deny the allegations in paragraph 10 and on that basis denies them.

11. In response to paragraph 11, Calista admits that Tuluksak Native Community is a federally-recognized tribe. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 11 and on that basis denies them.

12. In response to paragraph 12, Calista admits that Organized Village of Kwethluk is a federally-recognized tribe. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 12 and on that basis denies them.

13. Calista admits the allegations in the first and second sentences of paragraph 13. Calista denies the remaining allegations in paragraph 13.

14. In response to paragraph 14, Calista admits that Plaintiffs, along with other tribes in the region, have formed regional tribal nonprofit consortia—the Association of Village Council Presidents ("AVCP") and the Yukon Kuskokwim Health Corporation ("YKHC")—and that both consortia have adopted resolutions opposing the Project. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 14 and on that basis denies them.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 4 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 4 of 21

15.     In response to paragraph 15, Calista admits that ONC submitted comments on the draft environmental impact statement ("DEIS"). The allegation that "[t]he Tribes have exhausted administrative remedies for the decisions by Defendants" constitutes a legal conclusion to which no response is required. To the extent that a response is required, Calista denies that allegations. The allegation in the last sentence of paragraph 15 that Plaintiffs "seek declaratory and injunctive relief" constitutes Plaintiffs' characterization of this case, to which no response is required. Calista denies the allegation in the last sentence of paragraph 15 that the Project is unlawful and that it will "directly and irreparably harm the environment, subsistence, human health, ways of life, and culture." Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 15 and on that basis denies them.

## DEFENDANTS

16.     Calista admits the allegations in the first sentence of paragraph 16. The remaining allegations in paragraph 16 constitute legal conclusions to which no response is required.

17.     Calista admits the allegations in the first sentence of paragraph 17. The remaining allegations in paragraph 17 constitute legal conclusions to which no response is required.

18.     The remaining allegations in paragraph 18 constitute legal conclusions to which no response is required.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 5 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 5 of 21

19. The allegations in the first sentence of paragraph 19 constitute Plaintiffs' characterization of this case, to which no response is required. Calista admits the allegations in the second sentence of paragraph 19. The remaining allegations in paragraph 19 purport to characterize the Joint Record of Decision ("JROD") and Corps' permit at issue in this case, which are written documents that speak for themselves and provide the best evidence of their contents. Calista denies those allegations, to the extent that they are inconsistent with the JROD or Corps' permit.

20. The allegations in the first sentence of paragraph 20 constitute Plaintiffs' characterization of this case, to which no response is required. The remaining allegations in paragraph 20 purport to characterize the JROD, which is a written document that speaks for itself and provides the best evidence of its contents. Calista denies those allegations, to the extent that they are inconsistent with the JROD.

21. The allegations in the first sentence of paragraph 21 constitute Plaintiffs' characterization of this case, to which no response is required. Calista lacks information sufficient to admit or deny the allegations in the second sentence of paragraph 21 and on that basis denies them. The remaining allegations in paragraph 21 purport to characterize the JROD, which is a written document that speaks for itself and provides the best evidence of its contents. Calista denies those allegations, to the extent that they are inconsistent with the JROD.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 6 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 6 of 21

# FACTS

22.     Calista admits the allegations in the first and second sentences of paragraph 22. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 22 and on that basis denies them.

23.     Calista lacks information sufficient to admit or deny the allegations in paragraph 23 and on that basis denies them.

24.     Calista admits the allegations in the first, second, and third sentences of paragraph 24. Calista further admits that there has been small scale mining and exploration, along with the related infrastructure, in the region. Calista denies the allegations in the fifth and sixth sentences of paragraph 24. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 24 and on that basis denies them.

25.     Calista admits the allegations in paragraph 25.

26.     Calista lacks information sufficient to admit or deny the allegations in paragraph 26 and on that basis denies them.

27.     Calista lacks information sufficient to admit or deny the allegations in paragraph 27 and on that basis denies them.

28.     Calista lacks information sufficient to admit or deny the allegations in paragraph 28 and on that basis denies them.

29.     Calista denies the allegations in paragraph 29.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 7 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 7 of 21

30.     Calista denies the allegations in the third sentence of paragraph 30. Calista admits the remaining allegations in paragraph 30.

31.     Calista denies the allegations in the first sentence of paragraph 31. Calista admits the remaining allegations in paragraph 31.

32.     Calista admits the allegations in the first, second, third, sixth, seventh, eighth, ninth, tenth, and twelfth sentences of paragraph 32. Calista lacks information sufficient to admit or deny the allegations in the fourth, fifth, and eleventh sentences of paragraph 32 and on that basis denies them. Calista denies any remaining allegations in paragraph 32.

33.     Calista denies the allegations in the first sentence of paragraph 33. Calista admits the remaining allegations in paragraph 33.

34.     Calista admits the allegations in the first and fourth sentences of paragraph 34. Calista lacks information sufficient to admit or deny the allegations in the second and third sentences of paragraph 34 and on that basis denies them. Calista denies the allegations in the fifth sentence of paragraph 34.

35.

    a.  In response to paragraph 35(a), Calista admits that the waste rock facility will be about four square miles. Calista denies the remaining allegations in paragraph 35(a).

    b.  Calista admits the allegations in paragraph 35(b).

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 8 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 8 of 21

c. Calista admits the allegations in paragraph 35(c) but denies any suggestion that the pit lake water would exceed regulatory limits.

36. Calista admits the allegations in the first sentence of paragraph 36. Calista denies the allegations in the second sentence of paragraph 36.

37. Calista admits the allegations in paragraph 37.

38. Calista admits the allegations in paragraph 38.

39. Calista denies the allegations in paragraph 39.

40. Calista lacks information sufficient to admit or deny the allegations in paragraph 40 and on that basis denies them. To the extent the allegations in paragraph 40 purport to characterize the FEIS and the JROD, those are written documents that speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 40 are inconsistent with the FEIS or JROD, Calista denies them.

41. Calista lacks information sufficient to admit or deny the allegations in paragraph 41 and on that basis denies them.

**Procedural Background**

42. In response to the first sentence of paragraph 42, Calista admits that Donlin applied for a permit under section 404 of the Clean Water Act ("CWA") and section 10 of the Rivers and Harbors Act ("RHA") in July of 2012. Calista lacks information sufficient to admit or deny the remaining allegations in the first sentence of paragraph 42 and on that basis denies them. Calista admits the allegations in the second, third, and fourth sentences of paragraph 42. The allegations in the fifth and sixth sentences of paragraph 42

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 9 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 9 of 21

purport to characterize a Health Impact Statement ("HIA"), which is a written document that speaks for itself and provides the best evidence of its contents. To the extent those allegations are inconsistent with the terms of the HIA, Calista denies them. Calista denies any remaining allegations in paragraph 42.

43.     Calista admits the allegations in paragraph 43.

44.     Calista lacks information sufficient to admit or deny the allegations in paragraph 44 and on that basis denies them.

45.     Calista admits the allegations in the first sentence of paragraph 45. The allegations in the second and third sentences of paragraph 45 purport to characterize findings of investigations of the Mount Polley dam breach, which speak for themselves and provide the best evidence of their contents. To the extent that the allegations in those sentences are inconsistent with the actual findings, Calista denies them.

46.     Calista denies the allegations in paragraph 46.

47.     The allegations in paragraph 47 purport to characterize 2016 Draft HIA, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 47 are inconsistent with the 2016 Draft HIA, Calista denies them.

48.     The allegations in paragraph 48 purport to characterize written comments on the DEIS, which speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 48 are inconsistent with such comments, Calista denies them.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 10 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG    Document 18-4    Filed 05/16/23    Page 10 of 21

49.     The allegations in paragraph 49 purport to characterize the correspondence from the Environmental Protection Agency ("EPA") to the Corps regarding the Project, which are written documents that speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 49 are inconsistent with the EPA letters, Calista denies them.

50.     The allegations in paragraph 50 purport to characterize the FEIS, public notice, and comments, which are written documents that speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 50 are inconsistent with the source documents, Calista denies them.

51.     The allegations in paragraph 51 purport to characterize the JROD, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 51 are inconsistent with the JROD, Calista denies them.

52.     The allegations in paragraph 52 purport to characterize the Corps' permit at issue in this case, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 52 are inconsistent with the Corps' permit, Calista denies them.

53.     Calista admits the allegations in paragraph 53.

54.     The allegations in paragraph 54 constitute legal conclusions to which no response is required.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 11 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 11 of 21

55.     Calista admits the allegations in the first sentence of paragraph 55. Calista lacks information sufficient to admit or deny the allegations in the second and third sentences of paragraph 55 and on that basis denies them.

### FEIS – Flawed Tailings Spill Analysis

56.     The allegations in paragraph 56 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 56 are inconsistent with the FEIS, Calista denies them.

57.     The allegations in paragraph 57 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 57 are inconsistent with the FEIS, Calista denies them.

58.     The allegations in paragraph 58 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 58 are inconsistent with the FEIS, Calista denies them.

59.     The allegations in paragraph 59 purport to characterize BLM's final analysis under section 810 of the Alaska National Interest Lands Conservation Act ("ANILCA"), which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 59 are inconsistent with BLM's analysis, Calista denies them.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 12 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 12 of 21

**FEIS – Flawed Human Health Analysis**

60.     The allegations in paragraph 60 purport to characterize the DEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 60 are inconsistent with the DEIS, Calista denies them.

61.     The allegations in paragraph 61 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 61 are inconsistent with the FEIS, Calista denies them.

62.     The allegations in paragraph 62 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 62 are inconsistent with the FEIS, Calista denies them.

63.     The allegations in paragraph 63 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that the allegations in paragraph 63 are inconsistent with the FEIS, Calista denies them.

64.     The allegations in the first sentence of paragraph 64 purport to characterize "the State of Alaska guidance for conducting HIAs," which Calista interprets to refer to the 2015 Technical Guidance for Health Impact Assessment in Alaska prepared by the State of Alaska Department of Health and Social Services ("ADHSS"), which speaks for

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 13 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 13 of 21

itself and provides the best evidence of its contents. The remaining allegations in paragraph 64 purport to characterize the FEIS and 2016 Draft HIA, which are written documents that speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 64 are inconsistent with the ADHSS guidance, FEIS, or 2016 Draft HIA, Calista denies them.

**Kuskokwim River Rainbow Smelt**

65.     Calista admits the allegations in the first, second, and third sentences of paragraph 65, as well as the allegation that predator species for Kuskokwim River rainbow smelt include pike, sheefish, and others. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 65 and on that basis denies them.

66.     Calista admits the allegations in paragraph 66.

67.     Calista admits the allegations in the second sentence of paragraph 67. The allegations in the fourth and seventh sentences of paragraph 67 purport to characterize of the JROD and Corps' permit, which are written documents that speak for themselves and provide the best evidence of their contents. To the extent that those allegations are inconsistent with the terms of the JROD or Corps' permit, Calista denies them. Calista denies the allegations in the fifth sentence of paragraph 67. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 67 and on that basis denies them.

68.     Calista lacks information sufficient to admit or deny the allegations in paragraph 68 and on that basis denies them.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 14 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 14 of 21

69.     Calista denies the allegations in paragraph 69.

**JROD Flaws Regarding Kuskokwim River Rainbow Smelt**

70.     The allegations in the first, second, and third sentences of paragraph 70 purport to characterize the JROD, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent that those allegations are inconsistent with the terms of the JROD, Calista denies them. Calista admits that the Donlin Advisory Technical Review and Oversight Committee ("DATROC") will include representatives of Donlin, Calista, and TKC, as well as additional stakeholder communities. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 70 and on that basis denies them.

71.     The allegations in paragraph 71 purport to characterize the FEIS, JROD, and other documents that discuss the Rainbow Smelt Monitoring Plan, the barge communication plan, and the DATROC, which speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 71 are inconsistent with the source documents, Calista denies them.

72.     The allegations in paragraph 72 purport to characterize the FEIS, JROD, and other documents that discuss the Rainbow Smelt Monitoring Plan, which speak for themselves and provide the best evidence of their contents. To the extent that the allegations in paragraph 72 are inconsistent with the source documents, Calista denies them.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 15 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

73.    The allegations of paragraph 73 purport to characterize Donlin's barge communication plan, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent the allegations in paragraph 73 are inconsistent with the barge communication plan, Calista denies them.

74.    The allegations in the first sentence of paragraph 74 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations. Calista lacks information sufficient to admit or deny the remaining allegations in paragraph 74 and on that basis denies them.

## COUNT I

### (National Environmental Policy Act— Failure to Assess Foreseeable Impacts of Tailings Dam Failure)

75.    The allegations in paragraph 75 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

76.    The allegations in paragraph 76 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

77.    The allegations in paragraph 77 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 16 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 16 of 21

78. The allegations in paragraph 78 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

79. The allegations in paragraph 79 purport to characterize the FEIS, which is a written document that speaks for itself and provides the best evidence of its contents. To the extent the allegations in paragraph 79 are inconsistent with the FEIS, Calista denies them.

80. Calista denies the allegations in paragraph 80.

## COUNT II

### (Alaska National Interest Lands Conservation Act— Failure to Assess Foreseeable Impacts of Tailings Dam Failure)

81. The allegations in paragraph 81 purport to characterize 16 U.S.C. §§ 3111(1), 3111(2), which speak for themselves and provide the best evidence of their contents.

82. The allegations in paragraph 82 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

83. The allegations in paragraph 83 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 17 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 17 of 21

84.     The allegations in paragraph 84 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

85.     The allegations in paragraph 85 purport to characterize BLM's ANILCA section 810 analysis, which speaks for itself and provides the best evidence of its contents.

86.     Calista denies the allegations in paragraph 86.

### COUNT III

**(National Environmental Policy Act—
Failure to Disclose Responsible Opposing Views on Health Impacts)**

87.     The allegations in the first sentence of paragraph 87 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations. The allegations in the second sentence of paragraph 87 purport to characterize 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1502.16, 1508.14, which speak for themselves and provide the best evidence of their contents.

88.     The allegations in paragraph 88 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

89.     The allegations in paragraph 89 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 18 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 18 of 21

90.    The allegations in the first sentence of paragraph 90 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations. The allegations in the second and third sentences of paragraph 90 purport to characterize the FEIS and the 2016 Draft HIA, which speak for themselves and provide the best evidence of their contents. To the extent that those allegations are inconsistent with the terms of the FEIS or 2016 Draft HIA, Calista denies them.

91.    Calista denies the allegations in paragraph 91.

## COUNT IV

### (Clean Water Act—Significant Degradation of Aquatic Resources)

92.    The allegations in paragraph 92 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

93.    The allegations in paragraph 93 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

94.    The allegations in the first sentence of paragraph 94 purport to characterize the FEIS and JROD, which speak for themselves and provide the best evidence of their contents. The allegations in the second sentence of paragraph 94 constitute legal conclusions to which no response is required. To the extent that a response is necessary, Calista denies those allegations.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.
CASE NO. 3:23-CV-00071-SLG– PAGE 19 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 19 of 21

95.     The allegations in the first sentence of paragraph 95 purport to characterize JROD, which is a written document that speaks for itself and provides the best evidence of its contents.

96.     Calista denies the allegations in paragraph 96.

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent that a further response is required, Calista denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Calista denies any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.     **First Affirmative Defense – Failure to Exhaust**

Some or all of Plaintiffs' claims are barred due to their failure to exhaust administrative remedies.

2.     **Second Affirmative Defense – Harmless Error**

To the extent that any errors were made in the FEIS or JROD, those errors are harmless and do not affect the decisions made by the Corps and/or BLM.

WHEREFORE, Calista requests that the Court render judgment for Defendants and against Plaintiffs, and grant Defendants such other and further relief that the nature of the case and justice requires.

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 20 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 20 of 21

DATED at Anchorage, Alaska this 16th day of May, 2023.

SCHWABE, WILLIAMSON & WYATT, P.C.
*Attorneys for Proposed Intervenor-Defendant*
*Calista Corporation*

By: ___/s/Matthew Singer_____
Matthew Singer
Alaska Bar No. 9911072


## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronically on the following counsel of record:

Maile Tavepholjalern
Hannah M. Payne
EARTHJUSTICE
Email: mtave@earthjustice.org
hpayne@earthjustice.org

Allison B. Rumsey
Ethan G. Shenkman
Arnold & Porter Kaye Scholer LLP
Email: allison.rumsey@arnoldporter.com
ethan.shenkman@arnoldporter.com

Eric B. Fjelstad
Perkins Coie LLP
Email: efjelstad@perkinscoie.com

_____/s/Matthew Singer_____
Matthew Singer

CALISTA CORPORATION'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT
*ORUTSARARMIUT NATIVE COUNCIL, ET AL. V. U.S. ARMY CORPS OF ENG'RS, ET AL.*
CASE NO. 3:23-CV-00071-SLG– PAGE 21 OF 21

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:23-cv-00071-SLG   Document 18-4   Filed 05/16/23   Page 21 of 21