TREG TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Benjamin L. Monarch (Alaska Bar No. 1812128)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5232
Facsimile: (907) 465-2539
Email: ron.opsahl@alaska.gov
benjamin.monarch@alaska.gov

*Attorneys for the State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORUTSARARMIUT NATIVE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, *et al*., <br><br> Defendants, <br><br> and <br><br> DONLIN GOLD LLC and CALISTA CORP., <br><br> Intervenor-Defendants. | **Case No. 3:23-cv-00071-SLG** <br><br><br> **STATE OF ALASKA'S [PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |

Applicant in Intervention, the State of Alaska (hereafter "State"), hereby responds to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 24) as follows:

## INTRODUCTION

1.      Paragraph 1 consists of a summary of the claims and assertions of Plaintiffs' First Amended Complaint, which are responded to below and to which no separate response is required. To the extent that a response is deemed necessary, the State denies every allegation not specifically admitted below.

2.      The State denies the allegations in the first sentence of Paragraph 2. The State admits the allegations in the second sentence of Paragraph 2 insofar as the residents, tribes, and citizens thereof in the Yukon-Kuskokwim Region have relied on the lands of the region for food, drinking, water, culture, ceremony, passing on language and traditions, and other uses. The State lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in the second sentence of Paragraph 2, and therefore they are denied. The State, upon information and belief, admits the allegation in sentence five of Paragraph 2 that the number of barges in operation along the Kuskokwim River may increase over the existing baseline number, however, the State denies the remaining allegations in sentence five of Paragraph 2 as they are vague, ambiguous, and speculative. The State denies any remaining allegations in Paragraph 2.

3.      Denied. The allegations of Paragraph 3 appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have

*Orutsararmiut Native Council et al. v. U.S. Army*     Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                      Page 2 of 24
State of Alaska's [Proposed] Amended Answer to First Amended

provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

4.    Denied. The allegations of the first sentence of Paragraph 4 appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record. The allegations in the second sentence of Paragraph 4 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary, the State denies the allegations. The allegations in the third and fourth sentences of Paragraph 4 are vague, ambiguous, and speculative, and therefore they are denied. The allegations in the fifth sentence of Paragraph 4 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

5.    Paragraph 5 purports to characterize the FEIS, which speaks for itself and provides the best evidence of its contents; as such, the State denies every allegation in Paragraph 5 not consistent therewith. The allegation in the first sentence of Paragraph 5 is vague, ambiguous, and speculative, and therefore is denied. The State denies any remaining allegations in Paragraph 5.

6.    The allegations in the first sentence of Paragraph 6 purport to characterize the FEIS, which speaks for itself and provides the best evidence of its contents; as such,

*Orutsararmiut Native Council et al. v. U.S. Army*                    Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                          Page 3 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG    Document 39    Filed 07/20/23    Page 3 of 23

the State denies every allegation in the first sentence of Paragraph 6 not consistent therewith. The allegations in the second sentence of Paragraph 6 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations. The allegations in the third and fourth sentence of Paragraph 6 are vague, ambiguous, and speculative, and therefore they are denied.

7. Paragraph 7 purports to characterize the JROD and FEIS, which speak for themselves and provide the best evidence of their contents; as such, the State denies every allegation in Paragraph 7 not consistent therewith. Further, the allegations in Paragraph 7 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations. The State denies any remaining allegations in Paragraph 7.

## JURISDICTION, RIGHT OF ACTION, AND VENUE

8. The allegations in Paragraph 8 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

9. The allegation in Paragraph 9 constitutes a conclusion of law to which no response is required; however, to the extent that a response is necessary the State denies the allegation.

## PLAINTIFFS

10. The State admits that Orutsararmiut Native Council ("ONC") is a federally recognized tribe. The State has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 10 and, therefore, denies the same.

*Orutsararmiut Native Council et al. v. U.S. Army*      Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*      Page 4 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG    Document 39    Filed 07/20/23    Page 4 of 23

11.     The State admits that Tuluksak Native Community is a federally recognized tribe. The State has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.     The State admits that Organized Village of Kwethluk is a federally recognized tribe. The State has insufficient information to form a belief as to the truth of the remining allegations of Paragraph 12 and, therefore, denies the same.

13.     The State admits that Native Village of Eek is a federally recognized tribe. The State has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 13 and, therefore, denies the same.

14.     The State admits that Native Village of Kwigillingok is a federally recognized tribe. The State has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 14 and, therefore, denies the same.

15.     The State admits that Chevak Native Village is a federally recognized tribe. The State has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 15 and, therefore, denies the same.

16.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and, therefore, denies the same.

17.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and, therefore, denies the same.

18.     The allegations in the first sentence of Paragraph 18 are vague, ambiguous, and, therefore, they are denied. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 18, and,

*Orutsararmiut Native Council et al. v. U.S. Army*     Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*     Page 5 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG    Document 39    Filed 07/20/23    Page 5 of 23

therefore, denies the same. The allegations in the third and fourth sentences of Paragraph 18 are vague and ambiguous, and, therefore, they are denied. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth, sixth, and seventh sentences, and, therefore, they are denied. The allegations in the eighth sentence of Paragraph 18 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary, the State denies the allegations. The allegations in the ninth sentence of Paragraph 18 constitute Plaintiff's characterization of this case, to which no response is required; however, to the extent that a response is necessary, the State denies the allegation. The State denies any remaining allegations in Paragraph 18.

## DEFENDANTS

19.    The State admits the allegations in the first sentence of Paragraph 19. The remaining sentences in Paragraph 19 constitute conclusions of law, to which nor response is required; however, to the extent that a response is necessary, the State denies the allegations.

20.    The State admits the allegation in the first sentence of Paragraph 20. The allegation in the second sentence of Paragraph 20 constitutes a conclusion of law, to which no response is required; however, to the extent that a response is necessary, the State denies the allegation. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 20, and, therefore denies the

21.    Admitted.

22.    The allegation in the first sentence of Paragraph 22 constitutes Plaintiffs' characterization of this case, to which no response is required. The State admits the

*Orutsararmiut Native Council et al. v. U.S. Army*          Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                              Page 6 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 6 of 23

allegation in the second sentence of Paragraph 22, and avers that Colonel Delarosa is the District Commander for the Corps Alaska District. The allegations in the third sentence of Paragraph 22 purport to characterize the JROD and Corps' permit, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 22 not consistent therewith.

23. The allegation in the first sentence of Paragraph 23 constitutes Plaintiffs' characterization of this case, to which no response is required. The allegations in the second sentence of Paragraph 23 purport to characterize the JROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 23 not consistent therewith.

24. The allegation in the first sentence of Paragraph 24 constitutes Plaintiffs' characterization of this case, to which no response is required. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence, and, therefore, they are denied. The allegations in the third sentence of Paragraph 24 purport to characterize the JROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 24 not consistent therewith.

**FACTS**

25. The State admits the allegations in the first and second sentences of Paragraph 25. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 25 and, therefore, denies the same. The remaining allegations in Paragraph 25 are vague and ambiguous, and, therefore,

*Orutsararmiut Native Council et al. v. U.S. Army*      Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*      Page 7 of 24
State of Alaska's [Proposed] Amended Answer to First Amended

Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 7 of 23

they are denied.

26.     The allegations in Paragraph 26 are vague and ambiguous, and, therefore, they are denied.

27.     The State admits the allegations made in the first, second, and third sentences of Paragraph 27. The State denies any remaining allegations in Paragraph 27 on the basis that the State lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

28.     Admitted.

29.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, therefore, denies the same.

30.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, therefore, denies the same.

31.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and, therefore, denies the same.

32.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and, therefore, denies the same.

33.     Denied. The allegations of Paragraph 33 appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record. Moreover, the State lacks sufficient knowledge or information to

*Orutsararmiut Native Council et al. v. U.S. Army*     Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*     Page 8 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG     Document 39     Filed 07/20/23     Page 8 of 23

form a belief as to the truth of the allegations in Paragraph 33, and, therefore, denies the same.

34.     The State admits the allegations in the first and second sentences of Paragraph 34. There State lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34, and, therefore, denies the same.

35.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and, therefore, denies the same.

36.     The State admits that Donlin barges would carry fuel and supplies for the mine. The State denies the remainder of the allegations in Paragraph 36 as they appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

37.     Denied. The allegations of Paragraph 37 appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

38.     The State admits the first sentence of Paragraph 38. The State lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in

*Orutsararmiut Native Council et al. v. U.S. Army*     Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*     Page 9 of 24
State of Alaska's [Proposed] Amended Answer to First Amended

Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 9 of 23

Paragraph 38, and, therefore, denies the same.

39. Denied. The allegations of Paragraph 39 appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

40. The State admits the allegation in the first sentence of Paragraph 40. The State lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40, and, therefore, denies the same.

41. Admitted.

42. Admitted.

43. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and, therefore, denies the same.

44. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and, therefore, denies the same.

45. Denied.

46. Denied.

47. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and, therefore, denies the same.

## PROCEDURAL BACKGROUND

48. The State lacks sufficient knowledge or information to form a belief as to the

*Orutsararmiut Native Council et al. v. U.S. Army*     Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*     Page 10 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 10 of 23

truth of the allegations in the first sentence of Paragraph 48, and, therefore, denies the same. The remaining sentences of Paragraph 48 appear to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

49. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and, therefore, denies the same.

50. Paragraph 50 purports to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

51. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and, therefore, denies the same.

52. Admitted.

53. The allegations in Paragraph 53 purport to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

*Orutsararmiut Native Council et al. v. U.S. Army Corps of Eng'rs et al.,*
State of Alaska's [Proposed] Amended Answer to First Amended

Case No.: 3:23-cv-00071-SLG
Page 11 of 24

Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 11 of 23

54.     The allegations in Paragraph 54 purport to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

55.     The allegations in the first sentence of Paragraph 55 purport to characterize the Environmental Protection Agency's ("EPA") letter of May 31, 2016 to the Corps regarding the Donlin project, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 55 not consistent therewith. The allegations in the second sentence of Paragraph 55 purport to characterize the EPA's letter of June 27, 2016 to the Corps regarding the Donlin project, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 55 not consistent therewith. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 55, and, therefore, denies the same.

56.     The allegations in the first through fifth sentences of Paragraph 56 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in sentences one through five of Paragraph 56 not consistent therewith. The allegation in the sixth sentence of Paragraph 56 purports to characterize the public notice, which speaks for itself and is the best evidence of its contents; as such, the State denies the allegations in sentence six of Paragraph 56 not consistent therewith. The State lacks sufficient knowledge or information to form a belief

*Orutsararmiut Native Council et al. v. U.S. Army*          Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                    Page 12 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 12 of 23

as to the truth of the allegations sentence seven of Paragraph 56, and, therefore, denies the same.

57.     The allegations in Paragraph 57 purport to characterize the JROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 57 not consistent therewith.

58.     The allegations in Paragraph 58 purport to characterize the Corps permit, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 58 not consistent therewith.

59.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, and, therefore, denies the same.

60.     The allegations in Paragraph 60 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

61.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 61, and, therefore, denies the same.

**FEIS – Flawed Tailings Spill Analysis**

62.     The allegations in Paragraph 62 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 62 not consistent therewith.

63.     The allegations in Paragraph 63 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 63 not consistent therewith.

*Orutsararmiut Native Council et al. v. U.S. Army Corps of Eng'rs et al.,*                    Case No.: 3:23-cv-00071-SLG
State of Alaska's [Proposed] Amended Answer to First Amended                    Page 13 of 24
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 13 of 23

64.     The allegations in Paragraph 64 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 64 not consistent therewith.

65.     The allegations in Paragraph 65 purport to characterize the Bureau of Land Management's ("BLM") final analysis under section 810 of the Alaska National Interest Lands Conservation Act ("ANILCA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 65 not consistent therewith.

**FEIS – Flawed Human Health Analysis**

66.     The allegations in Paragraph 66 purport to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 66 not consistent therewith.

67.     The allegations in Paragraph 67 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 67 not consistent therewith.

68.     The allegations in Paragraph 68 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 68 not consistent therewith.

69.     The allegations in Paragraph 69 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 69 not consistent therewith.

70.     The allegations in the first sentence of Paragraph 70 purport to characterize

*Orutsararmiut Native Council et al. v. U.S. Army Corps of Eng'rs et al.,*
State of Alaska's [Proposed] Amended Answer to First Amended
Case No.: 3:23-cv-00071-SLG
Page 14 of 24

Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 14 of 23

the "State of Alaska guidance for conducting HIAs." It is unclear what document Plaintiffs are referring to here, but the State interprets the allegation to refer to the 2015 Technical Guidance for Health Impact Assessment in Alaska, prepared by the State of Alaska Department of Health and Social Services ("ADHSS"), which speaks for itself and is the best evidence of its contents; as such, the State denies the allegations in the first sentence of Paragraph 70 not consistent therewith. If Plaintiffs are referring to a different document, then the allegation in the first sentence of Paragraph 70, then the State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 70, and, therefore, denies the same. The remainder of the allegations in Paragraph 70 purport to characterize both the FEIS and the Draft HIA, which each speak for themselves and are the best evidence of their contents; as such, the State denies the remaining allegations in Paragraph 70 not consistent therewith.

## KUSKOKWIM RIVER RAINBOW SMELT

71.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71, and, therefore, denies the same.

72.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72, and, therefore, denies the same.

73.     The allegations in the first, second, and third sentences of Paragraph 73 are vague, ambiguous, and speculative, and, therefore, are denied. The allegations in the fourth sentence of Paragraph 73 purport to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record,

*Orutsararmiut Native Council et al. v. U.S. Army*          Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                            Page 15 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 15 of 23

the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations sentence five of Paragraph 73, and, therefore, denies the same. The allegations in the sixth sentence of Paragraph 73 purport to refer to documents contained within the administrative record. However, because this is an administrative record case, no "fact" remains to be determined by this Court, and, because Plaintiffs have provided no citation to the record, the State is unable to determine the accuracy of the allegations. Therefore, the State denies every allegation not consistent with the administrative record.

74. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74, and, therefore, denies the same. Moreover, the allegations in Paragraph 74 are vague, ambiguous, and speculative, and, therefore, are denied.

75. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75, and, therefore, denies the same. Moreover, the allegations in Paragraph 75 are vague, ambiguous, and speculative, and, therefore, are denied.

## JROD FLAWS REGARDING KUSKOKWIM RIVER RAINBOW SMELT

76. The allegations in the first through third sentences of Paragraph 76 purport to characterize the JROD, which speaks for itself and is the best evidence of its contents; as such, the State denies the allegations in the first through third sentences of Paragraph 76 not consistent therewith. The allegations in the fourth sentence of Paragraph 76 are vague

*Orutsararmiut Native Council et al. v. U.S. Army*      Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*      Page 16 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG    Document 39    Filed 07/20/23    Page 16 of 23

and ambiguous, and, therefore, are denied. The State lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 76, and, therefore, denies the same.

77.     The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77, and, therefore, denies the same.

78.     The State lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 78, and, therefore, denies the same.

79.     The State lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 79, and, therefore, denies the same.

80.     The allegations in the first sentence of Paragraph 80 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations. The allegations in the second sentence of Paragraph 80 are vague and ambiguous, and, therefore, are denied.

## COUNT I

**(National Environmental Policy Act—Failure to Assess Foreseeable Impacts of Tailings Dam Failure).**

81.     The allegations in Paragraph 81 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

82.     The allegations in Paragraph 82 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

*Orutsararmiut Native Council et al. v. U.S. Army*            Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                      Page 17 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 17 of 23

83. The allegations in Paragraph 83 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

84. The allegations in Paragraph 84 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

85. The allegations in Paragraph 85 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 85 not consistent therewith.

86. The allegations in Paragraph 86 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

## COUNT II

**(Alaska National Interest Lands Conservation Act—Failure to Assess Foreseeable Impacts of Tailings Dam Failure).**

87. The allegations in Paragraph 87 purport to characterize the 16 U.S.C. §§ 3111(1), 3111(2), which speak for themselves and are the best evidence of their contents; as such, the State denies the allegations in Paragraph 87 not consistent therewith.

88. The allegations in Paragraph 88 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

89. The allegations in Paragraph 89 constitute conclusions of law to which no

*Orutsararmiut Native Council et al. v. U.S. Army Corps of Eng'rs et al.,*
State of Alaska's [Proposed] Amended Answer to First Amended
Case No.: 3:23-cv-00071-SLG
Page 18 of 24
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 18 of 23

response is required; however, to the extent that a response is necessary the State denies the allegations.

90.     The allegations in Paragraph 90 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

91.     The allegations in Paragraph 91 purport to characterize BLM's ANILCA section 810 analysis, which speaks for itself and is the best evidence of its contents; as such, the State denies the allegations in Paragraph 91 not consistent therewith.

92.     The allegations in Paragraph 92 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

## COUNT III

**(National Environmental Policy Act —Failure to Disclose Responsible Opposing Views on Health Impacts).**

93.     The allegations in the first sentence of Paragraph 93 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations. The allegations in the second sentence of Paragraph 93 purport to characterize 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1502.16, 1508.14, which speak for themselves and provide the best evidence of their contents; as such, the State denies the allegations in Paragraph 93 not consistent therewith.

94.     The allegations in Paragraph 94 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies

*Orutsararmiut Native Council et al. v. U.S. Army*                    Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                            Page 19 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 19 of 23

the allegations.

95.     The allegations in Paragraph 95 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

96.     The allegations in the first sentence of Paragraph 96 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations. The allegations in the second and third sentences of Paragraph 96 purport to characterize the FEIS and the 2016 Draft HIA, which speak for themselves and provide the best evidence of their contents; as such, the State denies the allegations in Paragraph 96 not consistent therewith.

97.     The allegations in Paragraph 97 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

**COUNT IV**

**(Clean Water Act —Significant Degradation of Aquatic Resources).**

98.     The allegations in Paragraph 98 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

99.     The allegations in Paragraph 99 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

100.    The allegations in the first sentence of Paragraph 100 purport to characterize

*Orutsararmiut Native Council et al. v. U.S. Army*          Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                         Page 20 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 20 of 23

the FEIS and JROD, which speak for themselves and provide the best evidence of their contents; as such, the State denies the allegations in the first sentence of Paragraph 100 not consistent therewith. The allegations in the second sentence of Paragraph 100 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

101.    The allegations in Paragraph 101 purport to characterize the JROD, which speaks for itself and provides the best evidence of its contents; as such, the State denies the allegations in Paragraph 101 not consistent therewith.

102.    The allegations in Paragraph 102 constitute conclusions of law to which no response is required; however, to the extent that a response is necessary the State denies the allegations.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' First Amended Complaint consists of Plaintiffs' prayer for relief, to which no response is required. Insofar as a response is required, the State denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

The State hereby denies all allegations, whether express or implied, including any allegations reflected in section heading, in Plaintiffs' First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

A.      Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

*Orutsararmiut Native Council et al. v. U.S. Army*          Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                      Page 21 of 24
State of Alaska's [Proposed] Amended Answer to First Amended

Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 21 of 23

B.     Plaintiffs lack standing to assert the causes of action contained in Plaintiffs'

First Amended Complaint.

C.     This Court lacks jurisdiction over Plaintiffs' First Amended Complaint and

the causes of action asserted therein.

D.     Plaintiffs' First Amended Complaint is barred by Plaintiffs' failure to exhaust

administrative remedies.

E.     Plaintiffs' claims are barred by the applicable statute of limitations.

F.     The State reserves the right to assert any other claims or defenses as may be

available or may become available during the course of these proceedings.

DATED: July 20, 2023.

TREG TAYLOR
ATTORNEY GENERAL

By:     */s/ Ronald W. Opsahl*
Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Benjamin L. Monarch (Alaska Bar No. 1812128)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov
benjamin.monarch@alaska.gov

*Attorneys for the State of Alaska*

*Orutsararmiut Native Council et al. v. U.S. Army*     Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*     Page 22 of 24
State of Alaska's [Proposed] Amended Answer to First Amended
Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 22 of 23

<u>**Certificate of Service**</u>

I certify that on **7/20/2023,** the foregoing **State of Alaska's [Proposed] Amended Answer to First Amended Complaint** was served electronically on all parties listed on the CM/ECF system.


<u>/s/ *Christina M. Fisher*</u>
Christina M. Fisher
Law Office Assistant II

*Orutsararmiut Native Council et al. v. U.S. Army*      Case No.: 3:23-cv-00071-SLG
*Corps of Eng'rs et al.,*                                                          Page 23 of 24
State of Alaska's [Proposed] Amended Answer to First Amended

Case 3:23-cv-00071-SLG   Document 39   Filed 07/20/23   Page 23 of 23