Maile Tavepholjalern
Hannah Payne Foster
Ian S. Dooley
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: mtave@earthjustice.org
E: hfoster@earthjustice.org
E: idooley@earthjustice.org

*Attorneys for Plaintiffs Orutsararmiut Native Council, Tuluksak Native Community, Organized Village of Kwethluk, Native Village of Eek, Native Village of Kwigillingok, and Chevak Native Village.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORUTSARARMIUT NATIVE COUNCIL *et al.*, | ) |
| | ) Case No. 3:23-cv-00071-SLG |
| *Plaintiffs*, | ) |
| v. | ) |
| UNITED STATES ARMY CORPS OF ENGINEERS *et al.*, | ) |
| *Defendants* | ) |
| and | ) |
| DONLIN GOLD LLC, CALISTA CORPORATION, and STATE OF ALASKA, | ) |
| *Intervenor-Defendants*. | ) |

**MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7.3(h), Plaintiffs Orutsararmiut Native Council, Tuluksak Native Community, Organized Village of Kwethluk, Native Village of Eek, Native Village of Kwigillingok, and Chevak Native Village (Tribes) respectfully request reconsideration of the portion of the Court's September 30, 2024, Decision and Order holding that impacts from barging activity associated with the Jungjuk Port are not "secondary effects" under 40 C.F.R. § 230.11(h). Doc. 99 at 28-35. A motion for reconsideration may be sought and obtained when there is a "manifest error of the law or fact" in a decision. Local Rule 7.3(h)(1)(A).

The basis for this motion is that the Decision and Order does not apply the correct standard of review when evaluating the U.S. Army Corps of Engineers' (Corps) decision to include the effects of barge traffic in its analysis under 40 C.F.R. §§ 230.10(c) and 230.11. The Decision and Order concludes, based on Intervenors' arguments, that "barge activity is not a secondary effect of Donlin's discharge of fill into the Kuskokwim River to build the port." Doc. 99 at 32. In so holding, it does not specify a standard of review. In the absence of any acknowledgement of or deference to the agencies' contrary determination, it appears to use a *de novo* standard, which would be a manifest error of law.

As the Decision and Order acknowledges at the outset, the correct standard of review for the agency actions at issue in this case is "arbitrary and capricious" review under the Administrative Procedure Act (APA). *See* Doc. 99 at 5-6. The correct inquiry for this claim is thus whether it was arbitrary for the Corps, as well as the U.S.

*Orutsararmiut Native Council et al. v. U.S. Army Corps of Eng'rs et al.,*
Case No. 3:23-cv-00071-SLG  1

Environmental Protection Agency (EPA), to evaluate the impacts of barging under the agencies' regulations. *See* Doc. 99 at 5-6; 5 U.S.C. § 706(2)(A); *e.g.*, *Butte Env't Council v. U.S. Army Corps of Eng'r*s, 620 F.3d 936, 945 (9th Cir. 2010). There is no evidence in the Decision and Order that the Court made such an evaluation in the "secondary effects" portion of its decision.

Applying the correct standard of review, the decision to evaluate the impacts of barging was not arbitrary. Both the Corps and EPA found that the impacts of Donlin's dedicated fleet of barges should be evaluated in the Section 404 "significant degradation" analysis. The regulations at issue—the 404(b) Guidelines—were adopted by the two agencies in conjunction with each other. 33 U.S.C. 1344(b); *see* 45 Fed. Reg. 85,336, 85,336 (Dec. 24, 1980) (describing "extensive consultation" between EPA and Corps in adopting the regulations). Here, EPA described the effects of barging in a discussion of "substantial direct and secondary impacts." *See* AR_0008382-83; AR_0008369. The Corps evaluated these impacts as part of its determination of whether the discharges would cause "significant degradation of waters of the United States" under 40 C.F.R. § 230.10(c). *See* AR_0001020, AR_0001024-25, AR_0001030-32.

The determination to evaluate the impacts of barging under 40 C.F.R. §§ 230.10(c) and 230.11 was reasonable and is entitled to deference. There is no dispute that the purpose of the port requiring the discharge is to provide barge access to the mine, which would not be possible otherwise. *See* Doc. 89-1 at 40. "Secondary effects are effects on an aquatic ecosystem that are *associated* with a discharge of dredged or fill materials, but

do not result from the actual placement of the dredged or fill material." 40 C.F.R. § 230.11(h)(1) (emphasis added). "Associated" is the operative word. According to the Merriam-Webster Dictionary, "associated" means "related, connected, or combined together." *Associated*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/associated (last visited Oct. 7, 2024). Here, the agencies rationally connected the effects from the construction of Donlin's barge port with the dedicated fleet of barges operating from that port. *See* AR_0000698 (referencing Donlin's "*dedicated* new fleet of river barges and tugs." (emphasis added)).

The Decision and Order interprets the regulations to cover only "effects that emanate from the fill itself," Doc. 99 at 32, but this interpretation is not required and is not the one adopted by the agencies. The appropriate question is whether the agencies' interpretation of the regulations and application of them to the facts of this case was arbitrary. The Decision and Order based its interpretation on an inference from 40 C.F.R. § 230.11(h)(2), which lists "[s]ome examples" of secondary effects. 40 C.F.R. § 230.11(h)(2); Doc. 99 at 32. Neither the Corps nor EPA drew the same inference from those examples, and their interpretation is entitled to deference.

Applying the "arbitrary" standard of review, courts have consistently deferred to the Corps' determinations of whether a particular impact was considered in the "significant degradation" finding. This is the unifying characteristic of all the cases cited on this point in the Decision and Order, including those cited in the briefs of both the Tribes and the Intervenors. *See Red Lake Band of Chippewa Indians v. U.S. Army Corps*

*of Eng'rs,* 636 F. Supp. 3d 33, 52 (D.D.C. 2022) ("The . . . APA governs the Court's review of Plaintiffs' [National Environmental Policy Act and Clean Water Act] claims."); *Friends of Back Bay v. U. S. Army Corps of Eng'rs,* No. 2:10CV270, 2011 WL 12473234, at *4-5 (E.D. Va. Feb. 9, 2011) ("A court conducting judicial review under the APA does not resolve factual questions, but instead determines 'whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'"); *City of Shoreacres v. Waterworth*, 420 F.3d 440, 445 (5th Cir. 2005) ("The decision of the Corps to grant a permit under 33 U.S.C. § 1344 is reviewed under the standard set forth in the [APA]. . . . We must look at the decision . . . as a reviewing court exercising our narrowly defined duty of holding agencies to certain minimal standards of rationality."); *Fox Bay Partners v. U.S. Corps of Eng'rs,* 831 F. Supp. 605, 607 (N.D. Ill. 1993) ("The critical question . . . is not whether the court would have granted the permit, but 'whether the Corps exceeded the bounds of its decision-making authority. . . . The scope of review under the arbitrary and capricious standard is narrow, and the judgment of the court cannot be used as a substitute for that of the Corps."). The Decision and Order departs from all of these cases.

For these reasons, the Tribes respectfully ask this Court to reconsider its opinion and hold that the Corps did not act arbitrarily when it included Donlin's dedicated barge traffic as an effect to be analyzed under 40 C.F.R. §§ 230.10(c) and 230.11. The Tribes request that the Court proceed to decide the merits of their claim under these regulations.

Respectfully submitted this 7th day of October, 2024.

*s/ Hannah Payne Foster*
Hannah Payne Foster (Alaska Bar No. 2105045)
Maile Tavepholjalern (Alaska Bar. No. 1611094)
Ian S. Dooley (Alaska Bar No. 2006059)
EARTHJUSTICE

*Attorneys for Plaintiffs Orutsararmiut Native Council, Tuluksak Native Community, Organized Village of Kwethluk, Native Village of Eek, Native Village of Kwigillingok, and Chevak Native Village.*

# CERTIFICATE OF SERVICE

I certify that on October 7, 2024, a copy of foregoing MOTION FOR RECONSIDERATION, with proposed order, was served electronically on Albert Lin, Sara E. Costello, Allison B. Rumsey, Ethan G. Shenkman, Eric B. Fjelstad, Matthew Singer, Ronald W. Opsahl, Benjamin L. Monarch, Benjamin J. Farkash, Emily Orler, Pilar Thomas, and Ryan D. Rainey.

*s/ Hannah Payne Foster*
Hannah Payne Foster (Alaska Bar No. 2105045)
EARTHJUSTICE