IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORUTSARARMUIT NATIVE COUNCIL, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*,<br><br>        Defendants,<br><br>    and<br><br>DONLIN GOLD, LLC, *et al.*<br><br>        Intervenor-Defendants. | Case No. 3:23-cv-00071-SLG |

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court at Docket 101 is Plaintiffs' Motion for Reconsideration.[1] Federal Defendants responded at Docket 107.[2] Intervenor-Defendants Donlin Gold, LLC ("Donlin"), Calista Corporation ("Calista"), and the State of Alaska ("State") each

---

[1] Plaintiffs are Orutsararmiut Native Council; Tuluksak Native Community; Organized Village of Kwethluk; Native Village of Eek; Native Village of Kwigillingok; and Chevak Native Village. Docket 24 at ¶ 1 (Am. Compl.).

[2] Federal Defendants are the United States Army Corps of Engineers ("Corps"); the United States Bureau of Land Management ("BLM"); the United States Department of the Interior ("Interior"); Colonel Damon Delarosa, in his official capacity as Commander, Alaska District, United States Army Corps of Engineers; Laura Daniel-Davis, in her official capacity as Principal Deputy Assistant Secretary, Land and Minerals Management, United States Department of the Interior; and Steven Cohn, in his official capacity as State Director, Bureau of Land Management, State of Alaska. Docket 24 at ¶¶ 19-24.

responded in opposition at Dockets 108, 109, and 110, respectively.

As relevant to Plaintiffs' motion for reconsideration, Federal Defendants granted Donlin a Clean Water Act ("CWA") permit to discharge fill into the Kuskokwim River to build a port. The port would be used to support the barging of materials along the river.[3] In granting the CWA permit, the Corps concluded that while there would be impacts to the Kuskokwim River from the discharge of fill to build the port—specifically, the barges would impact rainbow smelt 50 miles downstream from the port--there would be no significant degradation of the river.[4] In their merits briefing, Plaintiffs claimed that the Corps' determination that there would be no significant degradation of the river arbitrarily relied on mitigation measures that would not reduce the impacts of barging on rainbow smelt.[5]

On September 20, 2024, this Court issued a Decision and Order rejecting Plaintiffs' CWA claim.[6] The Court concluded that the impact of barging on the Kuskokwim River was not a secondary effect that required consideration by the Corps in assessing whether the discharge of fill into the river to build the port would

---

[3] Docket 99 at 4.

[4] Docket 99 at 30.

[5] Docket 99 at 30.

[6] Docket 99 at 36; see Docket 99 at 28-35. The Decision and Order found in favor of Plaintiffs in part by finding that Federal Defendants "violate[d] [the National Environmental Policy Act ("NEPA")] and [Alaska National Interest Lands Conservation Act ("ANILCA")] by failing to consider a larger tailings spill." Docket 99 at 36.

Case No. 3:23-cv-00071-SLG, *Orutsararmiut Native Council, et al. v. U.S. Army Corps of Eng'rs, et al.*
Order on Motion for Reconsideration
Page 2 of 5

significantly degrade the river.[7] In reaching that conclusion, the Court interpreted the plain language of the applicable federal regulation.[8] The Court therefore found that the Corps did not violate the CWA because barging impacts were outside the scope of the CWA.[9] Plaintiffs now seek reconsideration of the Court's conclusion that barging on the Kuskokwim River is not a secondary effect, and they seek a merits ruling on their underlying CWA claim.[10]

## LEGAL STANDARD

Under Local Rule 7.3, "a court ordinarily will deny a motion for reconsideration absent a showing of . . . (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."[11]

## DISCUSSION

Plaintiffs maintain that the Court applied the incorrect standard of review in reaching its conclusion that impacts from barging were not secondary effects of the discharge of fill into the river to build the port; Plaintiffs assert this Court should have deferred to the Corps' determination that the barging activity was a "secondary effect" under the applicable regulation.[12] Plaintiffs assert that the Court therefore made a

---

[7] Docket 99 at 31-32.

[8] Docket 99 at 30-32.

[9] Docket 99 at 35.

[10] Docket 101 at 5.

[11] District of Alaska L.Civ.R. 7.3(h)(1).

[12] Docket 101 at 2-3; 40 C.F.R. § 230.11(h).

Case No. 3:23-cv-00071-SLG, *Orutsararmiut Native Council, et al. v. U.S. Army Corps of Eng'rs, et al.*
Order on Motion for Reconsideration
Page 3 of 5

Case 3:23-cv-00071-SLG   Document 111   Filed 12/23/24   Page 3 of 5

manifest error of law.[13] However, as Federal Defendants acknowledge, "the scope of a 'secondary effect' under the Guidelines is a matter of regulatory interpretation."[14] "If 'uncertainty does not exist' as to the regulation's meaning, it just 'means what it means,'" and the Court applies the regulation's plain meaning.[15] That is what the Court did here to conclude that barging's impact on downriver rainbow smelt on the Kuskokwim River was not a secondary effect, i.e. it was not "associated with," the discharge of fill into the river to build the port.[16] And, even if the Court's interpretation of the regulation—that secondary effects are effects that emanate from the fill itself— could be construed as narrower in scope than "associated with" the discharge, the Court does not consider barging along the Kuskokwim River to be "associated with" discharging fill into the river to build the port.[17] Using Federal Defendants' definition, the Court still finds that barging's impact on downriver rainbow smelt is not "closely connected, joined, or united with" the discharge of fill when constructing the port.[18]

---

[13] Docket 101 at 2.

[14] Docket 107 at 3.

[15] *League of Cal. Cities v. FCC*, 118 F.4th 995, 1012 (9th Cir. 2024) (quoting *Kisor v. Wilkie*, 588 U.S. 558, 574-75 (2019)).

[16] Docket 99 at 29-32.

[17] Docket 107 at 4; 40 C.F.R. § 230.11(h)(1).

[18] Docket 107 at 4 (quoting Webster's Third New Int'l Dictionary 132 (1981)).

Case No. 3:23-cv-00071-SLG, *Orutsararmiut Native Council, et al. v. U.S. Army Corps of Eng'rs, et al.*
Order on Motion for Reconsideration
Page 4 of 5

Case 3:23-cv-00071-SLG   Document 111   Filed 12/23/24   Page 4 of 5

Beyond contending that the Court applied an incorrect legal standard, Plaintiffs raise no other grounds for reconsideration. The Court therefore **DENIES** Plaintiffs' Motion for Reconsideration at Docket 101.

DATED this 23rd day of December 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00071-SLG, *Orutsararmiut Native Council, et al. v. U.S. Army Corps of Eng'rs, et al.*
Order on Motion for Reconsideration
Page 5 of 5

Case 3:23-cv-00071-SLG   Document 111   Filed 12/23/24   Page 5 of 5